PARKER O. GRIFFITH, PROSECUTOR, v. CITY OF NEWARK
ET AL., DEFENDANTS.

Argued May 7. 1940—Decided June 19, 1940.

Before Justices CASE, DONGES and HEHER.

For the prosecutor, *Hannoch & Lasser*.

For the defendants, *James F. X. O'Brien* and *Joseph A. Ward*.

The opinion of the court was delivered by

DONGES, J.  This writ brings up a determination of the State Board of Tax Appeals fixing the assessment for purposes of taxation for the year 1937 of real property of the prosecutor, known as 605-607 Broad street, in the city of Newark.  The valuation fixed by the city assessor was $291,700 for land and $439,000 for the building, a total of $730,700.

The County Board of Taxation affirmed this assessment, but on appeal to the state board that tribunal reduced the valuations to $215,000 for the land and $350,000 for the

building, a total of $565,000. In his appeal to the state board the prosecutor asked that the valuations be fixed at $150,000 for the land and $200,000 for the building, total $350,000. In this court he contends that the proper assessment would be $405,000 for both land and building.

Before the state board prosecutor produced three witnesses as to the value of the land. One fixed a value of $158,000, another of $165,000, and the third of $147,500. The city's witness fixed a value of $265,800. The board adopted a figure of $215,000 and a reading of the testimony does not persuade us that this result was without adequate support in the evidence.

As to the building, prosecutor's witness testified to a value of $304,060 and the city's witness to a value of $356,681. And here again we are of the opinion that the judgment under review, which fixed a valuation of $350,000, has ample support in the proofs.

The building is fifteen stories in height, the lower floors being used as a piano store and warehouse by the Griffith Piano Company, a business operated by the prosecutor. The upper stories are divided into and rented as offices. It is argued that the maximum income obtainable does not support the determined valuation. But it is admitted that the building is out of the ordinary in that the prosecutor constructed it as sort of monument to himself. That being the case, no doubt value was put into the structure on which no adequate return was anticipated. In such a situation, the income obtained from that part of the premises which is rented is assuredly not the sole test of value, as seems to be the claim of prosecutor. Vacant land yields no return, yet it could not be argued that such land is without value. The true rule in determining value is to ascertain that figure that a willing buyer and willing seller would agree upon as the true value of the property. *N. J. S. A.* 54:4-23.

In addition to the testimony offered by prosecutor on the separate value of land and buildings, his witnesses testified to the entire value of the property in the condition in which it was on the taxing date and in the use to which it was then being put. It is argued that this is the evidence that should

be accepted. The highest of these three figures was $405,000, which prosecutor claims this court should fix as the assessment. While admitting that evidence of the separate values of land and building is proper, prosecutor argues that standing alone this should be given no probative force as opposed to testimony of the entire value of the property in its then condition as a business venture. However, the method of arriving at a valuation by separate assessments of land and building has long been approved. *Koch* v. *Jersey City*, 118 *N. J. L.* 85; *affirmed*, 119 *Id.* 432. The statute requires the valuation to be apportioned between land and improvements. *N. J. S. A.* 54:4-26. We see no reason in this case for rejecting the testimony offered by the defendant and cannot say that the determination under review is so without support as to require us to set it aside or substitute our judgment for that of the state board. *Long Dock Co.* v. *Strong*, 84 *Id.* 762; *affirming* 82 *Id.* 21.

The writ is dismissed, with costs.